STURGIS, Chief Judge
(concurring specially).
Being persuaded that such a substantial part of the evidence relied on for conviction was circumstantial in nature, I concur with the majority in holding that the trial court erred in refusing the request of the defendants to charge the jury on the law of circumstantial evidence applicable to criminal prosecutions.
I am unable, however, to agree with the proposition that the only evidence “remotely tending to establish” the fact that the check was forged or that either appellant knew it was a forgery at the time it was uttered “is purely circumstantial in character.” On the contrary, there is much direct testimony of the actions and statements of the defendants, from which the jury could have drawn and evidently did draw reasonable inferences supporting each of those facts. Included in such direct testimony is that of defendant Marsh as to how he came into possession of the check, that of defendant Sanders lending color to Marsh’s testimony in that particular, and the testimony of both the arresting officers and the person to whom the check was uttered in respect to the conflicting pretrial statements made by Marsh in explanation of how he came into possession of the check. The verdict implies that the jury concluded that neither of such explanations was true, and from that premise the jury could and we must assume that it did draw, from the direct testimony, the inference that the check was false and known to be such by the defendants, not because of the circumstance that it was found in Marsh’s possession but from the fact that the explanation was not accepted as true and, in addition, was taken as being so .unworthy of belief as to warrant the conclusion that it was a fabrication induced by knowledge of guilt. Under such state of the evidence the jury is entitled to impute to defendants knowledge of the falsity of the check.
The distinction between inferences that are capable of being properly drawn from direct evidence in order to reach a conclusion and the impropriety of building inference on inference from purely circumstantial evidence in order to reach a conclusion must be constantly borne in mind. Each case must stand upon its own footing of facts, and while a requested charge governing circumstantial evidence should not be withheld in cases where the evidence in substantial part and covering critical essentials is purely circumstantial in character, and though not requested should be given by the court ex mero motu in cases where conviction is dependent entirely on purely circumstantial evidence, the trial court is accorded a reasonable latitude of discretion to refuse the charge in cases where there is both circumstantial and direct evidence supporting the charge. There is an incredibly fine and, for most courts, indescribable line demarking that which is purely circumstantial and that which is unquestionably direct testimony. Interference with the discretion of trial courts to withhold the charge under the conditions mentioned would hamstring justice by substituting fiction for fact.
Having granted a new trial for the reason stated and under the circumstances of this case, I think this court transcends its function by then incorporating in its decision obiter dicta that questions the sufficiency of the evidence heretofore presented to support conviction. It implies that it is useless to retry the case unless new or more weighty evidence is produced by the State. Since appellate courts necessarily indulge the presumption — especially in the absence of a contrary showing — that the parties have exhausted their proofs, I am of the opinion that where a cause is shown to be reversible because of insufficiency of the evidence, as was an issue on this appeal, it should be *63 reversed on that basis. The new trial, which our action envisions, should be neither prejudiced nor watered down by the obiter dicta here employed. Moreover, I am of the opinion that the evidence was ample to support the verdict under proper charges.
The decision of our Supreme Court in Harris v. State, Fla.1951, 53 So.2d 827, 828, referred to in the main opinion, reflects that all the evidence adduced by the state was purely circumstantial. It does not recite that the defendant failed to request a charge on the law of circumstantial evidence. The reversal there was based on “the weakness of the evidence * * * considered along with the brevity of the charges, including a failure to instruct upon the law relating to circumstantial evidence.” It is important that our decision on this appeal not be construed as requiring a charge on the law of circumstantial evidence to be given in every case where any part of the evidence is circumstantial in nature.